UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. ANDERSON, JR., | ) | CASE NO. 1:13CV2074 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On September 18, 2013, *pro se* plaintiff James E. Anderson, Jr. filed this action under 18 U.S.C. §§ 241 and 242, against the United States Attorney General, the United States Attorney for the Northern District of Ohio, and the City of Cleveland (collectively "defendants"), alleging defendants conspired to violate his civil rights (Doc. No. 1 at 1). Plaintiff also filed an application to proceed *in forma pauperis* in this action (Doc. No. 2). For the reasons that follow, the application is granted and this action is **DISMISSED**.

**I. BACKGROUND**

Plaintiff's complaint consists of a single page alleging only as follows:

Title 18, U.S.C. Section 241[,] conspiracy against rights and Title 18 U.S.C., Section 242[,] deprivation of rights under color of law[,] malicious prosecution[,] false imprisonment[,] openly putting peers under duress[,] attempting to plant drugs on my property[,] end grudge over my yacht "Jealousy" which began in 1989 etc., Lawrence Anderson[,] Dontez Anderson[,] Marie Anderson[,] James E. Anderson III[,] (95) they had to spread vicious rumors about me being crazy in order to take my property (24 years)[,] cease and desist demand . . . $895,000,000.

(Doc. No. 1 at 1.)

In an apparent effort to support his claims, plaintiff has attached over 200 pages of documentary exhibits to his complaint, including, for example: (1) a letter to an unidentified recipient detailing plaintiff's grievances regarding citations he received over the years for hauling scrap and asking the reader to offer an opinion as to the contents of plaintiff's truck; (2) a "cease and desist" letter to the City of Cleveland alleging that plaintiff had been falsely imprisoned and subjected to illegal wire taps, and allegations that the police had tried to plant drugs on him because of a grudge over plaintiff owning a yacht; (3) a letter to the Federal Bureau of Investigation in which plaintiff complained about unlawful surveillance; (4) handwritten witness statements and letters detailing alleged harassment of plaintiff in the form of unidentified persons flooding his apartment building and home, tampering with his truck, and following him; (5) copies of state court documents regarding criminal charges filed against plaintiff for violations of Cleveland's solid waste hauling restrictions, as well as for theft and felonious assault; and (6) photographs of plaintiff's "scrapping" truck. (*See generally* Doc. Nos. 1-1 through 1-12.)

## II.  LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *see also Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* For the reasons stated below, this action is dismissed pursuant to § 1915(e).

### A. Proper Parties

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. United States,* 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King,* 395 U.S. 1, 4, 89 S. Ct. 1501, 23 L. Ed. 2d 52 (1969); *Soriano v. United States,* 352 U.S. 270, 276, 77 S. Ct. 269, 1 L. Ed. 2d 306 (1957). Claims asserted against United States government officials in their official capacities are construed as claims against the United States. *See Name.Space, Inc. v. Network Solutions, Inc.,* 202 F.3d 573, 581 (2d Cir. 2000) (finding that agencies, instrumentalities, and officers of the federal government cannot be sued under antitrust laws);

*Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).

Plaintiff's claims against the United States Attorney General and the United States Attorney for the Northern District of Ohio are clearly asserted against these defendants in their official capacities.[1] Consequently, plaintiff must articulate a cause of action in his complaint for which the United States has waived its sovereign immunity. No cause of action, however, is apparent on the face of the pleading.

Further, as a rule, local governments may not be sued for violations of a plaintiff's civil rights under 42 U.S.C. § 1983[2] for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, the governmental entity can be held liable only when the plaintiff's injury is incurred as a direct result of the execution of the local government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy. *Id.* A municipality can therefore be held liable when it unconstitutionally implements or executes a policy statement, ordinance, regulation, or decision officially adopted by its officers. *Id.* at 690; *see DiPiero v. City of Macedonia,* 180 F.3d 770, 786 (6th Cir. 1999).

---

[1] "Where a lawsuit challenges official action without providing sufficient notice of an intention to assert a personal capacity claim against state officials or employees, it must be presumed that state officials or employees are sued in the official capacity only." *Benson v. O'Brien*, 67 F. Supp. 2d 825, 830 n.9 (N.D. Ohio 1999) (citing *Pelfrey v. Chambers,* 43 F.3d 1034, 1037–38 (6th Cir. 1995)).

[2] Plaintiff's complaint relies on 18 U.S.C. §§ 241 and 242. Those provisions, however, are criminal statutes. They provide no private right of action. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). To the extent plaintiff seeks relief for violations of his civil rights, he must proceed under one of the civil rights statutes that authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys.*, No. 97-6138, 178 F.3d 1296 (6th Cir. 1999) (Table). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

Here, to hold the City of Cleveland liable for the actions of its employees, plaintiff must identify the offending policy, connect the policy to the City of Cleveland itself, and show that the particular injury was incurred because of the execution of that policy. *Graham v. Cnty. of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004). The complaint in the instant case does not contain any factual allegations pertaining to the City of Cleveland or any of its policies. There is simply no suggestion on the face of the complaint of a City of Cleveland custom or policy that may have led to a violation of plaintiff's constitutional rights. Accordingly, the Court concludes plaintiff has failed to state any claims upon which relief may be granted against the City of Cleveland.

### B. Failure to State a Claim

Moreover, plaintiff's "claims" are stated solely as legal conclusions and, therefore, the complaint does not state a valid federal claim for relief against any of the defendants. *Iqbal*, 556 U.S. at 678. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. To do so would "require[e] [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Even given the most liberal construction, the complaint does not contain allegations remotely

suggesting plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction.[3]

### C. State Law Claims

Finally, having determined that plaintiff has failed to properly assert any federal claims, the Court is left only to consider his state common law claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity[.]" *Carnegie—Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996). Having determined at an early stage of litigation that all of plaintiff's federal claims in this action are subject to summary dismissal, the Court finds that this factor, coupled with issues of comity, counsels this Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, this case is dismissed.

---

[3] Notably, plaintiff cannot use a civil rights action to collaterally attack his state criminal convictions, which were affirmed on appeal by Ohio's Eighth District Court of Appeals. *Cleveland v. Anderson*, No. 92621, 2009 WL 4858045 (Ohio Ct. App. Dec. 17, 2009). A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). This is true regardless of the nature of the relief sought by the plaintiff. *Wilson v. Kinkela*, No. 97–4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998).

### III. CONCLUSION

For all the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: March 18, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."